UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DILONTE D. CRAWFORD,

Plaintiff,

v.

UNKNOWN MYGRANTS et al.,

Defendants.

Case No. 1:26-cv-1523

Honorable Hala Y. Jarbou

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about

which he complains occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues ICF Correctional Officer (CO) Unknown Mygrants and ICF Property Officer Unknown Party.

In Plaintiff's complaint, he alleges that on August 5, 2025, Plaintiff was taken to segregation. (Compl., ECF No. 1, PageID.3.) On August 7, 2025, Plaintiff was escorted out of his segregation cell for an unrelated matter. (*Id.*) Upon being escorted back to segregation, Defendant Mygrants and Defendant Unknown Party, a property officer, met Plaintiff at his cell. (*Id.*) They were holding a duffle bag "that appeared to possess the Plaintiff's allowable segregation property."[1] (*Id.*) Plaintiff asked Defendants if he could sweep his cell floor before they tossed the property into his cell, and Defendants nodded yes. (*Id.*) As Plaintiff swept, he asked Defendants who packed up his property, and Defendant Unknown Party replied that he believed he packed up Plaintiff's property. (*Id.*) Plaintiff then said, "I only asked because I got civil litigation in court pending that I'm try[ing to] meet my deadlines on and policy say[s] I'm supposed to receive my legal materials within 48 hours upon arrival to segregation." (*Id.*) Defendant Unknown Property Officer then stated: "That's funny how all of a sudden you guys know all this policy s[***] once you come to segregation." (*Id.* (asterisks added).) Plaintiff replied:

> I'm not try[ing to] turn this into a dispute, but I'm saying I do have the right to possess my legal and reading materials, and ya'll violate that when you don't give a guy his materials within a timely fashion especially when a guy like myself got stuff pending in the court.

(*Id.*)

Plaintiff asserts that Defendant Unknown Party replied: "A right to possession?! I tell you what, let's find out how much of a so-called right to possession of your s[***] you really got then."

[1] In this opinion, the Court corrects the spelling, punctuation, and capitalization in quotations from Plaintiff's complaint.

(*Id.*, PageID.4 (asterisks added).) Plaintiff states that Defendant Unknown Party motioned to Defendant Mygrants and said, "He ain't getting s[***] right now, let's go." (*Id.*(asterisks added).) Then, as Defendants walked away, Defendant Mygrants said, "Well, guess you'll just be having to cry about your property and legal material in a grievance now." (*Id.*, PageID.4. (phrasing in original retained).) Plaintiff then asked Defendants: "Where are you going with my property[?] The s[***] wasn't even that serious for y'all to be on this type of bulls[***]." (*Id.* (asterisks added) (phrasing in original retained).) Defendants walked away with Plaintiff's property. (*Id.*)

Over the next few days, Plaintiff continuously asked Defendant Mygrants about the whereabouts of his property that Defendants "arbitrarily deprived him of." (*Id.*) Plaintiff asserts that, multiple times, Defendant Mygrants replied: "It's lost now. Guess you'll just have to order more books and legal materials." (*Id.*) Plaintiff states that he wrote kites and grievances regarding his property being taken by Defendants Mygrants and Unknown Party. (*Id.*) On August 11, 2025, Plaintiff still had not received responses to his kites or grievances and went on a hunger strike in protest. (*Id.*, PageID.5.) This caused Plaintiff to be placed on suicide watch. (*Id.*) Plaintiff also reported the incident to non-party Sergeant Rosenberg, and Rosenberg said he would investigate the whereabouts of Plaintiff's property. (*Id.*)

On August 20, 2025,[2] Plaintiff's property bag was delivered to him by a non-party CO. (*Id.*) Plaintiff noticed that some of his property was missing from the bag, specifically, "two dictionaries, a J. Prince book, one regular book, and legal court documents pertaining to the previous lawsuit [*Crawford v. Porter*, 1:25-cv-745, (W.D. Mich.)]." (*Id.*, PageID.5, 6 (internal

[2] The Court notes that in some places in the complaint, Plaintiff describes events as occurring in August of 2026, rather than August of 2025. (*See, e.g.*, Compl., ECF No. 1, PageID.5.) However, Plaintiff initiated this action May of 2026. Therefore, Plaintiff's references to August of 2026 appear to be typographical errors.

quotation marks omitted).) Plaintiff states that he told non-party Sergeant Rosenberg that he was missing some items, and Rosenberg said he would look into it. (*Id.*) The next day or so, Plaintiff asked Defendant Mygrants about his missing property, and Defendant Mygrants responded: "We made it disappear. Now figure out how much rights you have to possess legal materials or books and all that other s[***]. Good luck!" (*Id.* (asterisks added) (phrasing in original retained).)

On an unspecified date, Plaintiff asserts that he sent a kite to the non-party ICF Grievance Coordinator to request a grievance form. (*Id.*, PageID.7.) Plaintiff contends the Grievance Coordinator responded and said that "prisoner property claims are not grievable and must be taken up with the State Administrative Claims Board." (*Id.*) Plaintiff asserts that this rule, which he cites as "MDOC Grievance Policy 03.02.130," is an invalid rule because it is "not a promulgated rule/policy by the MDOC as required by the Administrative Procedure Act; MCL 24.201 et seq." (*Id.* (internal brackets omitted).)

Based on the foregoing allegations, Plaintiff asserts a First Amendment claim regarding his right to legal mail, a state law claim under Michigan's Administrative Procedures Act (APA), and a claim that Defendants violated Michigan criminal common laws "conversion of property" and "tampering with legal mail" under MCL 750.505. (*Id.*, PageID.8.) The Court also construes Plaintiff's complaint to raise a retaliation claim under the First Amendment, an access to courts claim under the First and Fourteenth Amendments, and a due process claim under the Fourteenth Amendment. As relief, Plaintiff seeks compensatory, nominal, and punitive damages. (*Id.*, PageID.8–9.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Legal Mail Claims

Plaintiff asserts that Defendants violated his First Amendment right to possess legal mail when they deprived Plaintiff of his legal mail and personal books. (Compl., ECF No. 1, PageID.8.)

For the reasons set forth below, Plaintiff fails to state a claim under the First Amendment regarding the deprivation of his legal mail.

"A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (citing *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993)). A prisoner, however, retains only those First Amendment freedoms which are "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections systems." *Martin v. Kelley*, 803 F.2d 236, 240 n.7 (6th Cir. 1986) (*quoting Pell*, 417 U.S. at 822); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987). The United States Court of Appeals for the Sixth Circuit considers mail sent from a court to be "legal mail." *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003). Prison regulations governing "legal mail" are subject to a heightened standard than those governing general mail. *Id.* at 873–74 (finding that legal mail is entitled to a heightened level of protection to avoid impinging on a prisoner's legal rights, the attorney-client privilege, and the right to access the courts). "'[B]latant disregard' for mail handling regulations concerning legal mail violates constitutional protections," and "[t]wo or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) (citations omitted).

In this case, Plaintiff asserts that Defendants Mygrants and Unknown Party took Plaintiff's legal mail containing court documents from Plaintiff's allowable segregation property bag. (Compl., ECF No. 1, PageID.6.) When Plaintiff asked Defendant Mygrants about his missing property, Plaintiff asserts Defendant Mygrants responded, "We made it disappear." (*Id.*) However, Plaintiff does not allege that his legal mail was not delivered to him or was mishandled in violation

of Plaintiff's First Amendment rights. The First Amendment protects a prisoner's right to *send* and *receive* mail. *See Knop*, 977 F.2d at 1012; *Al-Amin*, 511 F.3d at 1333. Plaintiff's own factual allegations show that he received the legal mail from the Court regarding his pending lawsuit. And Plaintiff does not allege that he was prohibited from sending legal mail. Plaintiff alleges that he received his legal mail, but Defendants later took it from him and never gave it back. Therefore, Plaintiff necessarily fails to state a First Amendment violation of his right to legal mail.

Accordingly, Plaintiff's First Amendment legal mail claims will be dismissed for failure to state a claim.

## IV. Retaliation

The Court generously construes Plaintiff's complaint to raise a retaliation claim against Defendants under the First Amendment regarding Defendants taking Plaintiff's legal materials and books after Plaintiff complained of not receiving his property within the time period proscribed by MDOC policy. (*See* Compl., ECF No., 1, PageID.3–4.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff alleges that Defendants were returning his bag of segregation property when he complained to Defendants about his legal materials not being returned to him within 48 hours

of his arrival in segregation. (Compl., ECF No. 1, PageID.3.) Plaintiff states that Defendant Unknown Party told Plaintiff: "A right to possession?! I tell you what, let's find out how much of a so-called right to possession of your s[***] you really got then." (*Id.*, PageID.4.) Then, Defendants Mygrants and Unknown Party walked away with Plaintiff's property bag. (*Id.*) Over the next thirteen days, Plaintiff continued to ask Defendants of the whereabouts of his property. (*Id.*) Plaintiff contends Defendant Mygrants replied: "It's lost now. Guess you'll just have to order more books and legal materials." (*Id.*) When Plaintiff's property bag was eventually returned to him, he was missing several books and legal materials pertaining to Plaintiff's civil lawsuit. (*Id.*, PageID.6.) When Plaintiff asked Defendant Mygrants about his missing books and legal materials, Defendant Mygrants said: "We made it disappear. Now figure out how much rights you have to possess legal materials or books and all that other s[***]. Good luck!" (*Id.* (asterisks added) (phrasing in original retained).)

With respect to the first element of a retaliation claim, an inmate has a right to make "non-frivolous" grievances against prison officials on his own behalf, whether written or verbal. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). At this stage of the proceedings, the Court assumes that Plaintiff engaged in protected conduct for purposes of a First Amendment retaliation claim. Although Plaintiff has by no means proven a claim for retaliation, taking the factual allegations as true and in the light most favorable to Plaintiff, the Court will not dismiss Plaintiff's retaliation claim at this time.

## V. Access to Courts

The Court generously construes Plaintiff's complaint to raise an access to the courts claim under the First and Fourteenth Amendments regarding Defendants taking Plaintiff's legal materials. (Compl., ECF No. 1, PageID.6.)

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995) (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Knop*, 977 F.2d at 1000.

Here, Plaintiff alleges that Defendants took Plaintiff's legal materials out of his segregation property bag and did not return them to him. (Compl., ECF No. 1, PageID.6.) Plaintiff asserts that the legal materials consisted of court documents pertaining to his pending civil lawsuit. (*Id.*) Although Plaintiff asserts that he told Defendants he has a pending civil lawsuit that he is "try[ing to] meet his deadlines on," Plaintiff does not allege that his ability to litigate his case was impeded or that he, in fact, missed a deadline in his lawsuit due to Defendants taking Plaintiff's legal materials. (*Id.*) And, Plaintiff does not allege any facts to suggest that Defendants' actions resulted in any harm to Plaintiff's pending lawsuit. Because Plaintiff fails to allege any actual injury, his access to the courts claim is subject to dismissal. *See Lewis*, 518 U.S. at 349.

Accordingly, for these reasons, Plaintiff's access to the courts claim will be dismissed for failure to state a claim.

**VI. Due Process Claims**

The Court also construes Plaintiff's complaint to raise a due process claim under the Fourteenth Amendment regarding Plaintiff's allegation that Defendants deprived him of his legal materials and personal books.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Further, the elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). It is well established that prisoners have a liberty interest in receiving their mail. *See Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) (citing *Procunier v. Martinez*, 416 U.S. 396, 428 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989)).

As explained above, Plaintiff's factual allegations show that he received the legal mail sent to him, and possessed his own books, but Defendants later deprived Plaintiff of his books and the court documents contained in his legal mail. Plaintiff does not allege that Defendants rejected his legal mail pursuant to an MDOC censorship regulation or deprived him of his property pursuant to an MDOC policy. Thus, the facts as alleged by Plaintiff show that he was not due any process for the deprivation. Instead, Plaintiff alleges that Defendants "arbitrarily deprived him of" his property, and this claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981),

*overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff does not allege that his state post-deprivation remedies are inadequate. Plaintiff has numerous state post-deprivation remedies available to him. The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.

Moreover, to the extent that Plaintiff alleges that Defendants violated the MDOC's policy when they failed to give Plaintiff his legal materials within 48 hours of his arrival in segregation, he fails to allege a constitutional claim. (*See* Compl., ECF No. 1, PageID.3.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law or prison policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.

1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994) (holding that a parole board's failure to follow state procedural standards could constitute a violation of state law but not federal law); *see also Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007). Additionally, courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164; *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992).

Accordingly, for all of the reasons set forth above, Plaintiff fails to state a Fourteenth Amendment due process claim regarding his legal mail and books.

## VII. State Law Claims

Plaintiff seeks to assert a claim under Michigan's APA, MCL 24.201 *et seq*. Specifically, Plaintiff asserts that "MDOC Grievance Policy 03.02.130," is an invalid rule because it is "not a promulgated rule/policy by the MDOC as required by the [APA]; MCL 24.201 et seq." (Compl., ECF No. 1, PageID.7.) However, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States," *Lugar*, 457 U.S. at 924, and § 1983 does not provide redress for a violation of state law. *Pyles*, 60 F.3d at 1215; *Sweeton*, 27 F.3d at 1166.

Plaintiff also seeks to bring state criminal charges against Defendants. (Compl., ECF No. 1, PageID.8.) However, "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, Plaintiff's request in this civil action to bring state criminal charges against Defendants is frivolous

and fails to state a claim for which relief can be granted. Accordingly, Plaintiff's state criminal law claims will be properly dismissed as frivolous.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Further, having conducted the review required by the PLRA, the Court determines that Plaintiff's First Amendment legal mail claims, First and Fourteenth Amendment access to the courts claims, Fourteenth Amendment due process claims, and state law claims will be dismissed as frivolous and for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation claim against Defendants Mygrants and ICF Property Officer Unknown Party will remain in the case.

An order consistent with this opinion will be entered.

Dated: October 29, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE